Raymond G. **CHOTE**, Plaintiff,

v.

Edmund G. **BROWN**, Jr., Secretary of State of California, Defendant.

No. 72380.

United States District Court, N. D. California.

March 9, 1972.

Raymond G. Chote, in pro. per.

Evelle J. Younger, Atty. Gen. of the State of California and J. M. Sanderson, Deputy Atty. Gen., Sacramento, Cal., for defendant.

Before HAMLIN,* Circuit Judge, and WOLLENBERG and SWEIGERT, District Judges.

MEMORANDUM OF DECISION

PER CURIAM.

Plaintiff alleges in effect that he has been advised by the Registrar of Voters

* Judge Hamlin dissents.

of Santa Clara County that a fee of $425 must be paid in advance to entitle plaintiff to a place on the ballot for the June 6th primary election for the office of Representative to Congress from the 17th District; that plaintiff is financially unable to pay that fee and that March 10th is the closing date for filing.

California Elections Code, Section 6552 provides that the fee payable to the Secretary of State for filing a declaration of candidacy for the office of Representative in Congress shall be one percent (1%) of the first year's salary for that office, i. e., $425.

Section 6553 provides that the filing fee required to be paid to the Secretary of State shall be paid to the County Clerk at the time the forms for nomination are obtained; that the County Clerk shall not accept any papers unless the fees are paid at the time; that the County Clerk shall transmit the fees to the Secretary of State at the time he delivers the declaration of filing.

Plaintiff, contending that these statutes are unconstitutional and in violation of the equal protection clause of the Fourteenth Amendment of the Constitution of the United States, asks for a declaratory judgment and a preliminary injunction.

The suit is brought under the Civil Rights Act, Title 42 U.S.C. Section 1983. The Court accepts jurisdiction under 28 U.S.C. Section 1343(3) and, sitting as a court of three judges as required by 28 U.S.C. Section 2281, has heard plaintiff's application for preliminary injunction and the State's opposition thereto.

It has already been held in this district that a provision of the Charter of the City and County of San Francisco, requiring prepayment of a $175 filing fee as a condition for placement of a candidate's name on the ballot for the office of Supervisor, is a discrimination against those who are unable to pay the fee and a violation of the equal protection clause of the Fourteenth Amendment of the Constitution of the United States. Kim Wong v. Mihaly, 332 F. Supp. 165 (N.D.Calif.1971).

That decision, after consideration of conflicting decisions among other districts, cited and relied upon a series of cases holding in effect that a law prohibiting candidates from getting their names on the ballot solely because they cannot post a certain amount of money is unconstitutional as a deprival of equal protection of law; that such a statute can stand only when there is some alternative method whereby a candidate who is unable to pay the filing fee, can get on the ballot either by nominating petition, primary election or pauper's affidavit. Georgia Socialist Workers Party v. Fortson, 315 F.Supp. 1035 (N.D.Ga. 1970); Jenness v. Little, 306 F.Supp. 925 (N.D.Ga.1969)[1] and, specifically, upon Carter v. Dies, 321 F.Supp. 1358 (N.D.Tex.1970), which has been recently affirmed by the Supreme Court of the United States in Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972).

---

1. In Haag v. State, Central District, California, No. 70 426–R, 3/18/70, a three judge District Court denied preliminary injunction in a comparable case wherein various Peace and Freedom Party members sought placement on the ballot for the primary election of June 2, 1970. However, the ground for denial seems to have been that the plaintiffs "had available to them as an alternative at this posture of these proceedings, the ability to seek nomination of their party without paying any filing fee, since the statute under attack prohibits only the qualification of candidates for the *general* election upon non-payment of the required fee 5 days prior to the primary election." See order of 3/18/70. Further, it is to be noted that Circuit Judge Ely was quoted in the order as dissenting and as entertaining the view that "to condition the candidacy for public office otherwise qualified citizens upon their financial ability to pay a fee not specifically related to the cost of the present elective process is invidiously discriminatory and not justified by any compelling interest of the State of California."

Our pending case is the first to arise since the Supreme Court has spoken and, of course, that decision is controlling here.

In *Bullock*, the Supreme Court considered a Texas primary election statute which set up a system of filing fees for various offices.[2] The Court (p. 149, 92 S.Ct. p. 859) although recognizing the validity of "reasonable candidate filing fees or licensing fees in other contexts," concludes that by requiring a candidate to shoulder the costs of conducting primary elections through filing fees and by providing no reasonable alternative means of access to the ballot is to erect a system which utilizes the criterion of ability to pay as a condition to getting on the ballot, thus excluding some candidates otherwise qualified and denying an undetermined number of voters the opportunity to vote for candidates of their choice.

The Supreme Court, although recognizing (p. 147, 92 S.Ct. p. 858) that the state has a legitimate interest in using filing fees to relieve the state treasury of the cost of conducting primary elections, concludes that "there must be a showing of necessity."

In the present case no showing has been made by the state that covering the costs of elections is even the purpose of the statutory filing fee here in question. On the contrary, the statute ties the filing fee, not to election costs or costs of the filing process, but arbitrarily to the salary of the office sought. Further, even if such were the state purpose, the Supreme Court (p. 148, 92 S.Ct. p. 858) indicates that, when it is speaking of "reasonable" candidate filing fees, it has in mind merely filing fees sufficient "to cover the cost of filing, that is, the cost of placing a particular document on the public record." No showing has been made that such is either the purpose or extent of the filing fee here in question.

The Supreme Court, although recognizing the state has a legitimate interest in regulating the number of candidates on the ballot to prevent the overcrowding of the ballot, the clogging of its election machinery and voter confusion, concludes (p. 145, 92 S.Ct. p. 857) that "a State cannot achieve its objectives by totally arbitrary means" and that if the state's purpose is to weed out spurious candidates, "other means to protect those valid interests are available."

Further, the Supreme Court, pointed out (p. 137, 92 S.Ct. p. 852) that under the Texas primary election law "There is no alternative procedure by which a potential candidate who is unable to pay the fee can get on the primary ballot by way of petitioning voters, and write-in votes are not permitted in primary elections for public office."

In our pending case California law makes no provision for any such alternative method by which an indigent candidate can get himself on the ballot.

That the burden is upon the state, not the plaintiff, to establish the requisite justification for its filing fee system, has been clearly indicated by the Supreme Court (p. 149, 92 S.Ct. 849); further, it has held that filing fee laws must be tested, not merely by the "rational basis rule" but by the strict standard of review set by Harper v. Virginia, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966), i. e., it "must be 'closely scrutinized' and found reasonably necessary to the accomplishment of legitimate state objectives in order to pass constitutional muster," . . . "there must be a showing of necessity." (404 U.S. pp. 144, 147, 92 S.Ct. p. 856.)

Since no such showing has been made by the State, concerning either the necessity, the purpose or the reasonableness of the filing fee statutes in question, we conclude that within the rationale and holding of *Bullock*, supra, plaintiff may prevail on the merits and that,

---

**2.** Under the Texas election filing fee system, which was struck down as a whole, the fees ranged from $150 (less than the amount here involved) to as high as $8,900.

# 1356

absent a preliminary injunction, his constitutional right may be irreparably lost.

It is, therefore, ordered and decreed that defendant, Secretary of State of California, his successor in office or agents or employees and all other persons in active concert or participation with him, including County Clerks or Registrars of Voters charged by Section 6553 with the collection of election filing fees, be and they are hereby preliminarily enjoined from enforcing, following or applying, either directly or indirectly as to plaintiff, Raymond G. Chote, the provisions of said California Elections Code Sections 6552 or 6553, provided, however, that this order shall be applicable only if (1) said plaintiff is otherwise eligible under the State or other applicable election laws, and (2) said plaintiff files with defendant, Secretary of State, or the proper County Clerk or Registrar of Voters, an affidavit that he has no property or money from which to pay the said required filing fee and is, therefore, financially unable to pay the same.

This preliminary injunction, and the terms and conditions thereof, shall apply also to persons represented as a class in this action by plaintiff, towit, persons in substantially the same position as plaintiff herein, and (1) who are otherwise eligible under the state or other applicable election laws, and (2) who file with defendant, Secretary of State, or the proper County Clerk or Registrar of Voters, an affidavit that he has no property or money from which to pay the said required filing fee and is, therefore, financially unable to pay the same.

HAMLIN, Circuit Judge (dissenting):

In Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972), the United States Supreme Court in discussing such a question in reference to filing fees in Texas said: "It must be emphasized that nothing herein is intended to cast doubt on the validity of reasonable candidate filing fees or licensing fees in other contexts." It has

not been shown in this case that the filing fee complained of is not reasonable.

Accordingly, applicant's request for injunctive relief and a declaration that Sections 6552 and 6553 are unconstitutional should be denied.